**THE JONES FIRM**
1441 Broadway FL 6
New York, NY 10008-1905
(347) 482-0601 (main) | (646) 430-9698 (fax) (New York Office)

**VIA ELECTRONIC DELIVERY**

March 3, 2025

Attn: Alejandro Brito
Brito Law PLLC
2121 Ponce de Leon. Suite 650
Coral Gables, FL 33134

**Re: BYD Management, LLC et al. v. Don King et al.**
**Case No.: 1:24-cv-09335-AT - Letter to Defendants' Counsel in Response to Pre-Motion Letter to Dismiss for Improper Venue and 12(b)(6)**

Dear Mr. Brito:

We write on behalf of BYD Management, LLC and BYD Sports, LLC (collectively, "Plaintiffs") in response to your pre-motion letter dated **February 28, 2025**, seeking leave to file a motion to dismiss Plaintiffs' Third Amended Complaint ("TAC") under Rule 12(b)(3) for improper venue, or alternatively, to transfer the case to the Southern District of Florida, along with anticipated arguments under Rule 12(b)(6) for failure to state a claim.

Plaintiffs oppose Defendants' proposed motion on **both procedural and substantive grounds** and strongly object to Defendants' ongoing effort to convert threshold motion practice into a premature evidentiary dispute designed to sidestep their obligation to answer the complaint and proceed into discovery.

## I.    Venue Is Proper and Defendants Are Prematurely Asking the Court to Resolve Disputed Issues of Fact

Defendants' venue challenge rests almost entirely on contested factual characterizations — precisely the types of disputes that should be **reserved for the factfinder after discovery, not for resolution on a motion to dismiss.** Defendants want the Court to prematurely adjudicate:

- **Where the defamatory statements were accessed and where the harm occurred.**
- **Whether Plaintiffs' business relationships — including with New York-based partners — were impacted by Defendants' conduct.**

- **The nature and scope of Defendants' prior activities and existing business activities in New York and their specific targeting of New York markets.**

These are all **fact-intensive questions** that are inappropriate for resolution in Rule 12 motion practice. Venue and jurisdictional analysis under § 1391(b)(2) turns on where the **alleged** harm occurred — a factual inquiry that Plaintiffs have addressed in detail in the TAC, identifying specific New York-based businesses, platforms, and relationships affected by Defendants' defamatory campaign that persists online as of this writing with continuing damaging effect.

Rather than acknowledging these factual allegations, Defendants want the Court to weigh evidence and make **factual determinations** in their favor before a single document has been produced or a single witness has been deposed. This is not only procedurally improper, but it is also inconsistent with controlling precedent holding that **the Court must accept Plaintiffs' allegations as true at the pleading stage** and draw all reasonable inferences in Plaintiffs' favor. See *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777 (1984).

## II.    Defendants Are Manufacturing Procedural Gridlock to Avoid Addressing the Merits

Defendants' tactics — particularly in this third round of pre-motion posturing — amount to little more than procedural gamesmanship designed to **delay any substantive response to Plaintiffs' well-pleaded claims.** If Defendants' continue in this manner, they will request the Court require the Plaintiffs to provide photographic and video evidence of the Defendants' physically selling a 'frank' on the northwest corner of Pearl St. and Park Row, with the Courthouse steps in rearview, in late 2024 with *optimal* lighting, to achieve sufficient contacts with the District for jurisdictional grounds. A true game of 'jurisdictional rope-a-dope'.

Rather than fulfilling their basic obligation to answer the complaint, assert defenses, and allow the case to proceed to discovery, Defendants are attempting to engage the Court in a **piecemeal dispute-by-dispute litigation of isolated factual issues** through premature motion practice. This approach forces Plaintiffs to repeatedly amend their pleadings just to fend off fact disputes that should be resolved through discovery, not motion practice.

The judicial system — and this Court's Individual Practices — are not designed to allow Defendants to convert **every factual dispute into a pre-answer motion skirmish**, particularly in a case where Plaintiffs' **allegations already lay out a clear and plausible basis for venue, jurisdiction, and liability.** Plaintiffs' have provided emails, pictures and multiple correspondences that flout the nature of Defendants' defamatory actions.

## III.    Plaintiffs' Claims Are Factually and Legally Sufficient - Supported by Documents and Witnesses

Defendants' proposed **Rule 12(b)(6)** arguments similarly mischaracterize the standard of review and improperly attempt to **force the Court to weigh competing factual narratives** — which is inappropriate at the motion to dismiss stage.

The defamation claims identify specific defamatory statements, the parties to whom they were communicated, and the reputational and economic harm suffered in New York and elsewhere. Whether those statements were "of and concerning" Plaintiffs or whether Plaintiffs suffered quantifiable harm are **factual questions to be resolved after discovery — not legal deficiencies justifying dismissal.** See *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir. 2015). Further, Defendants' assertion that the allegedly defamatory statements were not "of and concerning" Plaintiffs is contradicted by the Complaint itself, which identifies specific defamatory communications sent to the Nigerian Government (*Exhibit 11*) and published on social media explicitly (*TAC; Picture and footnote 3; Defendants' Social Media accounts*) accusing Plaintiffs of fraudulently using Defendants' name and likeness to promote an event. Whether those statements are defamatory or "of and concerning" Plaintiffs is a **factual issue** that cannot be resolved on a motion to dismiss. See *Id.* ("Questions of defamatory meaning and identification are **questions for the jury**.").

Similarly, Plaintiffs' tortious interference claims **specify the prospective economic relationships — including with New York-based entities — that were harmed by Defendants' interference, and allege wrongful means through defamatory statements and fraud.** Whether Defendants' conduct meets the legal standard for wrongful means is a **mixed question of law and fact**, inappropriate for dismissal on the pleadings. See *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993).

### A. Claims Supported By Documents and Witnesses

Plaintiffs have further identified key third-party witnesses, including **Vonda Carson, Charles Sealy, Yoel Judah and others** in the TAC, each of whom can testify first hand to Defendants' active involvement working with Plaintiffs' on the 'Rumble in the Jungle' event and a variety of events that undercut the 'Cease and Desist' letter that Defendants had no involvement with Plaintiffs.  The multiple witnesses' awareness of Plaintiffs' role, and the direct harm caused by Defendants' later defamatory statements and interference has been pleaded; so well that the Defendants do not want to provide an answer. The witnesses testimony will **directly rebut Defendants' factual denials** and further support Plaintiffs' claims of defamation, fraud, and tortious interference.  Lastly, Plaintiffs are in possession of many audio and video recordings of Defendants goading Plaintiffs for help in planning the 'Rumble in The Jungle' that further buttress the defamatory claims.

### B. Tortious Interference Claims Are Properly Pleaded

Plaintiffs' tortious interference claims identify **specific prospective economic relationships with sponsors, investors, and promotional partners**, including New York-based parties, that were directly disrupted by Defendants' fraudulent and defamatory conduct. Whether Defendants acted with "wrongful means" is **a factual inquiry** that is not suitable for dismissal at the pleading stage. See *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993).

### C. Fraudulent Inducement and Misrepresentation Claims Are Sufficient Under Rule 9(b)

The Complaint identifies **specific false representations made by Defendants,** including misrepresentations about their rights to the "Rumble in the Jungle" brand and their intent to work collaboratively with Plaintiffs to promote the event. Plaintiffs' reliance on these statements is amply supported by the pleaded facts, witnesses, exhibits, including evidence of Defendants' active participation in early planning efforts. Defendants' assertion that these claims fail as a matter of law misstates the factual record and prematurely asks the Court to resolve **disputed issues of intent, reliance, and causation.**

## IV.    Defendants Must Answer the Complaint and Allow Discovery to Proceed

The Third Amended Complaint satisfies **Rule 8 and Rule 9(b)** and lays out a clear and plausible case for venue in this District and liability under New York law.

Rather than entertaining another round of pre-answer motion practice, the proper course is for Defendants to **answer the complaint, assert any affirmative defenses they wish to preserve,** and allow this case to proceed into discovery **— where the factual disputes they wish to litigate can be resolved on a fully developed record.**

Defendants' fallback request to transfer this case to Florida should also be denied. Plaintiffs' choice of forum is entitled to **substantial deference**, particularly where, as here, **a substantial part of the harmful conduct occurred in this District and Defendants have repeatedly availed themselves of this Court's jurisdiction.** See *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (plaintiff's choice of forum is entitled to great weight). Defendants' inconvenience arguments ring hollow given their **extensive** New York business operations with Showtime Networks, Inc. and HBO, Inc. and voluminous litigation history in the Southern District of New York ("SDNY").  Lastly, discovery evidence will further show that the Defendants' still use the mandatory forum selection clause of SDNY in all of their boxing related business as multiple witnesses have come forward since this litigation that will attest to that.

## V.    Defendants' Motions Should be Denied in their Entirety - Answer Should be due within One Week

Accordingly, Plaintiffs **oppose Defendants' proposed motion in its entirety**. If Defendants insist on pursuing their request for leave, we respectfully request that this letter be

submitted to the Court as Plaintiffs' formal opposition under **The Judge's Individual Practice rules** and a proposed seven (7) days will be proposed for Defendants' to provide a proper answer.  We remain available to meet and confer should you wish to discuss any of these points further.

Sincerely,

Anthony J.M. Jones, Esq.

Counsel for Plaintiffs